|  |  |
|---|---|
| JOHN CASTILLO, | 1:18-cv-01139-LJO-SAB |
| Plaintiff, | MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)(1) AND 12(b)(2) |
| v. | |
| MARTINO CARTIER, | |
| Defendant. | (Docs. 9, 15) |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

## I. INTRODUCTION

In August 2018, Plaintiff John Castillo filed a complaint again Martino Cartier for breach of contract and fraud. Plaintiff alleges there is diversity jurisdiction under 28 U.S.C. § 1332: Plaintiff is a resident of California, Defendant is a resident New Jersey, and Plaintiff alleges there is more than $100,000 in controversy. (Cmplt., ¶¶ 1, 2, and 15.) In November 2018, Defendant filed a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), and for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (Doc. 9.)

## II. FACTUAL BACKGROUND

In August 2017, Plaintiff sold to Defendant, ostensibly through eBay, a "Vince Cardell 14 caret piano ring gifted to him by Liberace" ("Liberace ring") for $15,000. (Cmplt., ¶ 3.) Payment for the ring was made through PayPal. In February 2018, after allegedly damaging the Liberace ring, Defendant filed a claim with PayPal asserting that the ring was either defective or not an authentic ring. (Cmplt, ¶ 6.) PayPal returned the purchase price to Defendant, and prohibited Plaintiff from conducting future transactions with PayPal. (*Id.*) Plaintiff alleges Defendant knew PayPal has a lengthy and liberal return policy and decided to use the ring for "his benefit as a hair dresser for business advertising and self-aggrandizement purposes all the time knowing he was going to make a false claim for the refund of his payment through Paypal." (Cmplt., ¶ 11.) Plaintiff alleges claims for breach of contract and fraud, and alleges his damages exceed $100,000 because of the economic loss he suffered due to the damage to the ring, and because of the "disassociation of his business from both PayPal and eBay." (Cmplt., ¶ 15.)

Plaintiff filed a claim in state court in March 2018, which was voluntarily dismissed; Plaintiff then filed this suit in federal district court in August 2018.[1]

## III. ANALYSIS

### A. Plaintiff's Untimely Opposition Brief Will Be Considered

Pursuant to this Court's Local Rule 230(c), Plaintiff's opposition brief was to be filed no later than 14 days before the December 12, 2018, hearing date – i.e., November 28, 2018; Plaintiff's brief was not filed until December 6, 2018. Plaintiff's counsel filed a request that the Court consider this late-filed opposition, noting the opposition was served on Defendant by mail on December 1, 2018. (Doc. 16.) Despite Plaintiff's counsel's computer difficulties, he obviously miscalculated the deadline to file the opposition brief as he attests he did not complete the opposition until December 1, 2018. (Doc. 16.) The

---

[1] According to Defendant's motion to dismiss, Plaintiff initiated binding arbitration through PayPal, but Defendant offers no declaration or evidence to support the existence of an arbitration proceeding.

2

late-filed brief will nonetheless be considered: even though Plaintiff is the non-moving party, it is his burden to establish federal court jurisdiction in the face of a Federal Rule 12(b)(1) motion, and it is Plaintiff's burden to present a prima facie showing of personal jurisdiction over Defendant.

**B.**     **Subject Matter Jurisdiction – Federal Rule 12(b)(1)**

Defendant has filed motions under Federal Rule 12(b)(1) to dismiss for lack of subject matter jurisdiction and under Federal Rule 12(b)(2) to dismiss for lack of personal jurisdiction over Defendant. "Jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject matter jurisdiction) and authority over the parties (personal jurisdiction), so that the court's decision will bind them." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999). Generally, subject-matter jurisdiction is considered before personal jurisdiction. *Id.* at 583. "[I]n most instances subject-matter jurisdiction will involve no arduous inquiry. In such cases, both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first." *Id.* at 587-88. Here, the subject-matter jurisdiction question is a straight-forward dispute about the amount in controversy and the Court turns to that issue first.

Pursuant to 28 U.S.C. § 1332(a), district courts have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." Where a lack of subject matter jurisdiction is challenged through a Rule 12(b)(1) motion, the plaintiff bears the burden of proving the existence of the court's subject matter jurisdiction. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). A challenge to subject matter jurisdiction may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

> In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1038 (9th Cir. 2004). Defendant here presents a factual challenge because he is disputing the truth of Plaintiff's allegations about the extent of his damages.

When the moving party makes a factual challenge to subject matter jurisdiction, they must submit affidavits and any other evidence properly before the court. *Id.* at 1039. The nonmoving party then must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *Coldwell v. Dept. of Health & Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009).

When resolving a factual attack on jurisdiction, the court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). And, "[t]he court need not presume the truthfulness of the plaintiff's allegations," *Safe Air*, 373 F.3d at 1039, but does nonetheless resolve factual disputes in favor of the non-moving party, *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996). A court may hear evidence and make findings of fact necessary to rule on the subject matter jurisdiction question prior to trial, so long as the jurisdictional facts are separate from the merits. *Rosales v. United States*, 824 F.2d 799, 802-03 (9th Cir. 1987).

Although it is Plaintiff's burden to establish jurisdiction in the face of a Rule 12(b)(1) challenge, it is Defendant's obligation to launch a proper factual challenge to trigger Plaintiff's burden under Rule 12(b)(1). The evidence Defendant offers does not contradict the damage allegations in Plaintiff's complaint that more than $100,000 in damages were suffered. First, Defendant argues that Plaintiff asserted only $25,000 was at issue when he initially filed his complaint in state court. In support of this argument, Defendant offers a copy of Plaintiff's state court form complaint. The complaint shows only that Plaintiff marked a box indicating the action is an "unlimited civil case" that "exceeds $25,000," not that the damages were limited to *only* $25,000. Moreover, the form complaint offers only two choices for jurisdiction: (1) that the action is "limited" – it either (a) does not exceed $10,000 or (b) it does not exceed $25,000; or (2) that the action is unlimited and *exceeds* $25,000. Nothing in that form complaint limits Plaintiff's damages to *only* $25,000 – instead it indicates Plaintiffs claims *exceed* $25,000. Here, Plaintiff alleges his damages are more than $100,000, which is not inconsistent with the form complaint

4

filed in state court. This argument and evidence does not show that Plaintiff's damage allegations before this Court are incorrect.

Defendant also argues the measure of Plaintiff's damages – the sales he lost because he was prohibited from using PayPal because of the dispute with Defendant and that without PayPal he was effectively unable to make sales on eBay – is entirely inaccurate and untrue because Plaintiff was selling products on eBay as of November 2018 with an option to purchase those products through PayPal, so Plaintiff could not have suffered damages from the inability to use eBay and PayPal to sell memorabilia. To support this, Defendant offers a purported eBay search result showing items for sale by eBay user "$tcb$" which was apparently printed on November 6, 2018. (Doc. 9, p. 24.) This document does not evidence a connection between Plaintiff and eBay user $tcb$. Defendant argues that when Plaintiff sold him the Liberace ring, Plaintiff did so through eBay under the $tcb$ username, but there is *no* evidence or declaration offered to support this assertion. In short, there is nothing linking Plaintiff to the eBay seller account with the username $tcb$ -- not even Defendant's PayPal invoice regarding the Liberace ring purchase references the username associated with Plaintiff's eBay account. Counsel's argument that $tcb$ is the username on Plaintiff's eBay account is not evidence. And, while Defendant argues the eBay search results also show that PayPal was being used as a payment option for these items, there are no PayPal logos evident on the document. (Doc. 9, p. 24.) In sum, there is nothing indicating *Plaintiff* was selling these items and that he was able to accept payments through PayPal.[2]

Defendant has not successfully made a Rule 12(b)(1) factual challenge to jurisdiction. Such a challenge requires evidence – affidavits or other evidence – sufficient to challenge the factual assertions in the complaint. The evidence proffered does nothing to contradict Plaintiff's allegations of $100,000 in damages. Defendant's Rule 12(b)(1) motion is insufficient to shift the burden of establishing

---

[2] Plaintiff appears to concede in his opposition that he has attempted to make sales on eBay by using a friend's PayPal account, but it was unsuccessful. Nevertheless, there is no concession that Plaintiff used the $tcb$ username to sell items. (Doc. 14, p. 3:16-18.)

5

jurisdiction to Plaintiff. The allegations in the complaint that Plaintiff's damages exceed $100,000 are therefore are taken as true, and Defendant's motion to dismiss for lack of subject matter jurisdiction is DENIED.

**C.     The Court has No Personal Jurisdiction over Defendant**

When a defendant challenges personal jurisdiction, it is the plaintiff's burden to establish that jurisdiction is proper. *See Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). Absent an evidentiary hearing, the court "only inquire[s] into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction." *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 127-28 (9th Cir. 1995). Uncontroverted allegations in the plaintiff's complaint must be taken as true, *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) and any "[c]onflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor," *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 979, 800 (9th Cir. 2004). If there are no allegations regarding personal jurisdiction in the complaint, the defendant is not required to submit evidence to controvert those allegations until Plaintiff has met his prima facie burden, and the burden shifts back to the defendant to rebut. *See generally Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (plaintiff bears the burden of proof on the necessary jurisdictional facts and must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction"); *see also* Rutter Practice Guide: Federal Civ. Pro. Before Trial, Chpt. 9-D, § 9:117.1 (The Rutter Group 2018) (pleading facts supporting personal jurisdiction will require opponent to controvert those allegations with competent evidence at the outset).

When no federal statute governs personal jurisdiction, the district court applies the law of the forum state. *See Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). The long-arm statute in California is co-extensive with federal standards (*See* Cal. Civ. Code § 410.10), so this Court may exercise personal jurisdiction if doing so comports with federal constitutional due process. *Id.* at 1320. "For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not

offend traditional notions of fair play and substantial justice.'" *Schwarzenegger*, 374 F.3d at 801 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). There are two forms of personal jurisdiction: general jurisdiction and specific jurisdiction. Specific jurisdiction exists when a case "aris[es] out of or relate[s] to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). It "depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (omitting citation and internal quotation marks). General jurisdiction permits a court to hear "any and all claims" against a defendant, whether or not the conduct at issue has any connection to the forum." *Id.*

Defendant argues the Court has neither general or specific personal jurisdiction over him. Defendant maintains he has no systematic contacts with California – he does not own a home or a business in California, and does not market his services in California. He has no licenses, does not have an agent for service of process in California, and does not have any contacts with the State of California.

Defendant also contends specific personal jurisdiction cannot be exercised over him as he has not purposely availed himself of the benefits of California – he did not know he was making a purchase from someone in California, and he had no knowledge he was sending money to a California resident during the transaction. Because he has no connection to California, Defendant argues it would be unjust to require him to defend a suit in California.

Once the Defendant challenges personal jurisdiction, it is Plaintiff's burden to come forward with prima facie evidence of personal jurisdiction over Defendant. Defendant has made the requisite challenge to personal jurisdiction over him, but Plaintiff has not filed any opposition to this motion and thus has not carried his burden. As such, Defendant's Rule 12(b)(2) motion is GRANTED.

## IV. CONCLUSION AND ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is DENIED;

2. Defendant's motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) is GRANTED;

3. Plaintiff's complaint is DISMISSED without prejudice and the Clerk of this Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated: **December 14, 2018**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE